IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| Mariano Ayala,<br>Individually and on behalf of all<br>others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Access Recovery Services, Inc.;<br>Access Recovery Group; and Peter<br>H. Liederman, Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO.   B-03-089 |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Mariano Ayala ("Plaintiff") complains of Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman ("Defendants"), by way of a class action, and shows the Court the following:

### Introduction

1. This is an individual and class action for damages and injunctive relief from Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman, for violations of the Federal Debt Collection Practices Act ("FDCPA"), and the Texas Debt Collection Practices Act, Texas Finance Code Chapter 392 ("Texas DCPA"), which prohibit creditors and debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Mariano Ayala brings this class action on behalf of himself and on behalf of all other consumers who are similarly situated, seeking declaratory relief, money damages, restitution, and a preliminary and permanent injunction forcing Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman to stop their illegal practices.

## Jurisdiction and Venue

3. Venue is proper in Brownsville, Cameron County, Texas, in that a substantial part of the events or omissions giving rise to the claims occurred in the Cameron County, Texas. Specifically, Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman, conducted collection efforts in Brownsville, Cameron County, Texas by sending multiple debt collection letters to Mariano Ayala's mailing address located in Brownsville, Texas.

## Parties

4. Mariano Ayala is an individual residing in Brownsville, Cameron County, Texas. Mariano Ayala, sues on his own behalf and, as class representatives sues on behalf of (1) Class 1- all consumers in the United States who have been the victims of the illegal acts of Defendant that violated the FDCPA, beginning one year prior to the date this Complaint is filed, and (2) Class 2- all consumers residing in Texas who have been victims of the illegal acts of Defendant that violated the Texas DCPA, beginning two years prior to the date this Complaint is filed. Class 2 consumers who were the victims of Defendant's acts

beginning one year prior to the date this Complaint is filed are also members of Class 1. Mariano Ayala and all consumers and each of the other members of the class are "consumers" as defined by the Texas DCPA.

5. Access Recovery Services, Inc. is an out-of-state corporation engaged in the business of collecting debts in this judicial district and elsewhere in the state and nation. It has not registered to do business in Texas or posted with the Texas Secretary of State the bond required to conduct a debt collection business. It may be served with process through the Secretary of State, P.O. Box 12887, Austin, Texas 78711-2887. Access Recovery Services, Inc., is a "debt collector" as defined by the Texas Act. Defendant has engaged in debt collection in Texas without obtaining the bond required by the Texas Act.

6. Access Recovery Group is an out-of-state corporation engaged in the business of collecting debts in this judicial district and elsewhere in the state and nation. It may be served with process through its registered agent, Jerry Foote, 1224 N. Hobart, Pampa Texas 79066. Access Recovery Group is a "debt collector" as defined by the Texas Act. Defendant has engaged in debt collection in Texas without obtaining the bond required by the Texas Act.

7. Peter H. Liederman is an individual engaged in the business of collecting debts in this judicial district and elsewhere in the state and nation. He may be served with process personally at his office 1611 Telegraph Ave., Ste. 1210, Oakland California 94612.

Peter H. Liederman is a "debt collector" as defined by the Texas Act. Defendant has engaged in debt collection in Texas without obtaining the bond required by the Texas Act.

## Class Action Allegations

8. Mariano Ayala sues on his own behalf and, as class representative, sues on behalf of all consumers residing in the Texas who have been the victims of the illegal acts of Defendants that violated the Texas Act, beginning two years prior to the date this Complaint is filed.

9. Mariano Ayala brings this lawsuit as a class action because, on information and belief (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) his claims are typical of the claims of the class, and (4) he can and will fairly and adequately protect the interests of the class. Questions of whether, and to what extent, Defendants engaged in the practices described herein, whether they did so intentionally or knowingly, and whether they thereby violated laws will be common to all members of the class.

10. The questions of law and fact common to the members of the class predominate over questions affecting only individual members. The prosecution of individual actions by or against class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant.

11. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. It is appropriate to maintain this lawsuit as a class action because Defendant acted on grounds generally applicable to the class, thereby making both preliminary and final injunctive and declaratory relief appropriate with respect to the class as a whole.

12. Mariano Ayala's claims are typical of the claims of the class as a whole. He can and will fairly and adequately protect the interests of the class, because he has retained experienced counsel to represent the class, he has no conflict of interest with the class, and he brings this lawsuit specifically for the protection of the consumers who have been and will be defrauded by these practices, and not solely to recover his personal damages.

### Acts of Agents

13. Whenever in this Complaint it is alleged that Defendant did any act, it is meant that Defendant performed or participated in the act, or the officers, agents, or employees of Defendant performed or participated in the act on behalf of and under the actual, vicarious, or apparent authority of Defendant.

### Conditions Precedent

14. All conditions precedent to the filing of this case have been performed, have occurred, or have been satisfied.

## Facts

15. In collecting debts, Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman engaged in a variety of illegal acts and practices in collecting debts, using letters similar to one dated February 22, 2002, August 5, 2002, November 14, 2002, January 17, 2003, March 14, 2003, and March 19, 2003 that they sent to Mariano Ayala. The illegal acts and practices made in these letters included the following:

   a. Access Recovery Group represented that if Mariano Ayala did not contact it to resolve the matter, it would take further legal action to collect a debt when, on information and belief, it did not plan to do so and did not in fact do so;

   b. Peter H. Liederman on behalf of Access Recovery Services, Inc., represented that he would attach or garnish debtors' current wages in Texas when such actions are forbidden under the Texas Constitution and laws;

   c. Peter H. Liederman failed to review the letter personally and was not otherwise involved in the collection;

   d. Access Recovery Group and Peter H. Liederman on behalf of Access Recovery Services, Inc., engaged in collection efforts in Texas without legal authority to do so because they engaged in debt collection in Texas without filing a debt collector's bond with the Texas Secretary of State.

## First Cause of Action
## Request for Declaratory Relief

16. Plaintiff seeks a declaratory judgment from this Court declaring that Access Recovery Group and Peter H. Liederman, individually, and on behalf of Access Recovery Services, Inc., pursuant to 28 U.S.C. Sections 2201 and 2202. Access Recovery Services, Inc.; Access Recovery Group, and Peter H. Liederman regularly engage in the practices described in more detail in the paragraphs above and that these practices violate the FDCPA and that these practices violate the federal Declaratory Judgments Act, 28 U.S.C.S. § 22 01 et seq.

## Second Cause of Action

### Request for Relief Pursuant to FDCPA for Class 1

17. By the actions set forth above, Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman, violated the FDCPA as to the members of Class 1.

18. As a result of its violations of the FDCPA, Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman are liable to Plaintiff for his actual damages, statutory damages, costs and reasonable attorneys' fees. The conduct of Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this petition. Plaintiff is therefore entitled to recover from Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman additional sums to compensate the

Plaintiff for attorneys' services in the preparation and prosecution of this action as well as a reasonable fee for any and all appeals to other courts.

19. On behalf of himself and each class member, Plaintiff seeks an order of the Court directing Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman to pay actual damages to all class members consisting of all money obtained by Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman through the threat of garnishment or any other illegal act in violation of FDCPA.

20. In addition, Plaintiff seeks on behalf of all other class members, without regard to minimum individual recovery, an award in the amount of the lesser of $500,000.00 or 1% of the net worth of Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman, and reasonable attorneys' fees.

### Third Cause of Action

### Request Relief Pursuant to the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act for Class 2

21. By the actions set forth above, Access Recovery Group and Peter H. Liederman, individually and on behalf of Access Recovery Services, Inc., violated the Texas DCPA as to the members of Class 2. A violation of the Texas DCPA, is also a violation of the Texas Deceptive Trade Practices Act ("DTPA"), and Plaintiff seeks recovery under that Act as well.

22. As a result of its violations of the Texas DCPA, Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman are liable to Plaintiff for his actual damages, disgorgment of any monies paid by Plaintiff to Defendant, statutory damages, costs and reasonable attorneys' fees. The conduct of Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman as described above has made it necessary for Plaintiff to retain the services of the attorneys whose names are subscribed to this Petition. Plaintiff is therefore entitled to recover from Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman additional sums to compensate the Plaintiff for attorneys' services in the preparation and prosecution of this action including reasonable fees for any and all necessary appeals to other courts.

23. On behalf of himself and each class member, Plaintiff seeks an order of the Court directing Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman to restore to all class members all money obtained by Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman through the threat of any other illegal acts in violation of the Texas DCPA and the Texas Deceptive Trade Practices Act.

### Demand for Jury Trial

24. Please take notice that Plaintiff demands trial by jury in this action.

## Prayer

THEREFORE, Plaintiff respectfully prays that this Court:

1. Upon notice and hearing, but at the earliest practicable date, certify this action as a class action.

2. Upon final trial of this cause, enter a Declaratory Judgment declaring that the practices complained of herein are illegal and a Permanent Injunction enjoining Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman from engaging in the illegal practices set forth herein.

3. Upon final trial of this cause, award Plaintiff and the members of the classes judgment for their damages and statutory civil penalties as set forth herein. Plaintiff further prays that these damages be multiplied pursuant to the provisions of the law.

4. Award punitive damages in an amount necessary to punish Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman for its conduct.

5. Award Plaintiff and the classes their attorneys' fees and costs of court.

6. Award pre-judgment and post-judgment interest at the maximum rate permitted at law or at equity.

7. Grant Plaintiff and the class all other relief to which they may show themselves and the class justly entitled.

>Respectfully Submitted,
>Law Offices of Stephen Gardner, P.C.
>
>By: *[signature]*
>STEPHEN GARDNER
>Texas Bar No. 07660600
>Law Office of Stephen Gardner, PC
>6060 North Central Expressway, Suite 560
>Dallas, Texas 75206
>Telephone: 214-800-2830
>Telecopier: 214-800-2834
>steve@consumerhelper.com
>
>Lead Counsel for Plaintiff and Class
>
>LAW OFFICES OF JOHN VENTURA, P.C.
>John Ventura
>Texas Bar No. 20545700
>Jventura@johnventura.com
>Richard A. Mlynek
>Texas Bar No. 24007689
>Rmlynek@johnventura.com
>Daniel Whitworth
>Texas Bar No.         24008275
>Dwhitworth@johnventura.com
>62 E. Price Road
>Brownsville, Texas 78521
>Telephone:    (956) 546-9398
>Telecopier:    (956) 542-1478
>
>Counsel for Plaintiff and the Class