United States District Court
Southern District of Texas
Brownsville Division

United States District Court
Southern District of Texas
FILED

NOV 1 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIANO AYALA, individually and<br>on behalf of all others similarly situated,<br>    plaintiff | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. B-03-089 |
| ACCESS RECOVERY SERVICES, INC.;<br>ACCESS RECOVERY GROUP; and<br>PETER H. LIEDERMAN<br>    defendant | §<br>§<br>§<br>§<br>§ | |

### Defendant Peter H. Liederman's Opposed Motion to Dismiss, and Motion to Set Aside Default Judgment and Class Certification

Defendant Peter H. Liederman ("Liederman") hereby objects to jurisdiction and, without waiver thereof, files this opposed motion to dismiss, and to set aside the orders of default and class certification entered in this action, and in support thereof would show:

1.    *Summary.* This court has no jurisdiction over Liederman. First, Liederman is not subject to personal jurisdiction in that he has insufficient contacts with this jurisdiction to constitutionally allow assertion of personal jurisdiction over him. Second, Liederman was not properly served with process in this matter. The orders of default therefore are void as to Liederman, and such matters should be vacated and set aside and this action should be dismissed as to Liederman. Alternately, and without waiver of his objection to jurisdiction, Liederman also would show that the default judgment and class certification order should be set aside under Rule 55(c) and 60(b) based on mistake, inadvertence, excusable neglect, and other good cause. For the same reasons, the class certification order also should be vacated and set aside.

2.    *Background.* This action was filed on May 14, 2003. Plaintiff Mariano Ayala

("Ayala") alleges violations of the Federal Debt Collection Practices Act, the Texas Debt

Collection Practices Act, and the Texas Finance Code. See Plaintiff's Original Complaint

("Complaint"). A return of service ("Liederman return") was filed on May 29, 2003,

allegedly reflecting service on Liederman; attached to such return is a certified mail card

signed <u>not</u> by Liederman, but by a Paige Johnson. Other returns were filed as to other

defendants. Plaintiff Ayala moved for entry of default on August 7, 2003. The court's

Order on Entry of Default, ordering the clerk to enter default judgment, was signed August

19, 2003 and entered August 21, 2003. The Clerk's Entry of Default was entered August

22, 2003. The Court's Order, granting class certification, was entered October 7, 2003.

3.    *Orders are void.* The orders entered in this case against Liederman are void

in that this court lacks jurisdiction over Liederman. All orders therefore should be vacated

and set aside pursuant to FED. R. CIV. P. 55(c) and, as referenced therein, Rule 60(b)(4).

Further, this action should be dismissed as to Liederman.

3.1    *Liederman is not subject to personal jurisdiction in Texas.* Liederman

is not subject to personal jurisdiction in Texas for the reasons specified below.

3.1.1 *Due process guarantees must be met before jurisdiction can be*

*exercised over a defendant.* Federal courts in diversity suits have personal jurisdiction over

nonresident defendants to the same extent that the state court in the forum would have

such jurisdiction. *Wilson v. Belin,* 20 F.3d 644, 646 (5th Cir. 1993) (action removed from

state court), *cert. denied,* 115 S.Ct. 322 (1994). A Texas court may exercise jurisdiction

over a nonresident only if two conditions are met: (1) the Texas long-arm statute must

authorize the exercise of jurisdiction; and (2) the exercise of jurisdiction must be consistent with federal and state constitutional guarantees of due process. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990). Constitutional requirements preclude exercise of jurisdiction in this case.

3.1.2 *Exercise of jurisdiction over Liederman is inconsistent with Constitutional guarantees.* Due process limits the exercise of personal jurisdiction over a nonresident defendant. For jurisdiction to exist, due process requires that the defendant purposefully establish certain minimum contacts with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). *See also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985); *Wilson v. Belin,* 20 F.3d at 647. Exercise of jurisdiction against Liederman is improper because neither general nor specific jurisdiction exists as to Liederman.

3.1.3 *Liederman has no minimum contacts with Texas.* As evidenced by the attached affidavit, Liederman is an individual working and residing in the State of California. Liederman is an attorney, licensed by the State of California. Liederman is not licensed in the State of Texas, and does not practice law in this state. In addition, Liederman does not transact business within Texas. Liederman does not own or lease property within the state. Liederman does not have any employees within the state. Liederman does not conduct advertising within the state. Liederman has no bank account within the state. Liederman has no other contacts within the state such as to subject him

3

to jurisdiction in Texas.   See Affidavit of Peter Liederman ("Liederman affidavit"), attached hereto.

3.1.4 *Liederman is not subject to general jurisdiction.*   General jurisdiction may be asserted when the cause of action does not arise from or relate to the nonresident defendant's purposeful conduct within the forum state but there are continuous and systematic contacts between the nonresident and the forum state.  *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1868, 1872-73 (1984); *Wilson v. Belin,* 20 F.3d at 647; *Schlobohm,* 784 S.W.2d at 357.   General jurisdiction exists if the defendant is domiciled in the forum state, or if his activities there are substantial, continuous and systematic. *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437 (1952); *Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 777 (5th Cir. 1986), *cert. denied,* 481 U.S. 1015 (1987).   Liederman has no such substantial, continuous, and systematic contacts with Texas.  See Liederman affidavit.

3.1.5 *Liederman is not subject to specific jurisdiction.*  When specific jurisdiction is asserted, the plaintiff's cause of action must arise out of or relate to the nonresident defendant's contacts with the forum state to satisfy the minimum contacts requirement.  *Helicopteros Nacionales,* 466 U.S. at  414 n. 8, 104 S.Ct. at 1872 n. 8; *Wilson v. Belin,* 20 F.3d at 647; *Guardian Royal Exchange Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 227 (Tex.1991).  Such "limited" personal jurisdiction requires that:

> • the out of state defendant purposefully directed his activities toward residents of the forum state or otherwise established contacts with the forum state;

4

• the plaintiff's cause of action must arise out of or result from the defendant's forum-related contacts; and

• the forum's exercise of personal jurisdiction in this particular case must be reasonable, and comport with "fair play and substantial justice."

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-78 (1985). *See also Trinity Industries, Inc. v. Myers & Associates, Ltd.,* 41 F.3d 229, 230 (5th Cir.), *cert. denied,* 116 S.Ct. 52 (1995); *Wilson v. Belin,* 20 F.3d at 647. The key question is the defendant's purposeful acts. The defendant must have "'purposefully avail[ed]' itself of the privilege of conducting activities in the forum, 'thus invoking the benefits and protections of its laws,'" justifying a conclusion "that the defendant should reasonably anticipate being called into court there." *Jones v. Petty-Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1069 (5th Cir.), *cert. denied,* 506 U.S. 867 (1992) (quoting *Hansen v. Denckla,* 357 U.S. 235 (1958)). *See also Burger King Corp v. Rudzewicz,* 471 U.S. at 476, 105 S.Ct. at 2184; *Wilson v. Belin,* 20 F.3d at 648. Unilateral activity by a party other than the defendant "is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales v. Hall,* 466 U.S. 408, 417 (1984). Liederman did not sign, send, author, or authorize or suffer the writing or sending of, the letters to Mariano Ayala attached to this court's October 7, 2003 Order. See Liederman affidavit. Liederman did not otherwise direct any communication to the plaintiff. Specific jurisdiction therefore does not support maintenance of this action as to Liederman.

3.1.6 *The entry of default therefore is void.* Because Liederman is not subject to personal jurisdiction in Texas, the entry of default against him is void. The

P. 107; FED. R. CIV. P. 4(l).  Although the return at issue does contain a declaration under penalty of perjury, it is <u>not</u> signed by the person making service.  The name of the server is listed as John Ventura.  The person signing the declaration however, appears to be "Stephen Gardner by Ellen [unreadable]."  In fact, no one served Liederman at all, and he had no notice of the complaint until after the entry of default.  For these reasons, service is improper and will not support default judgment.

       3.2.2  *"Service" was improper under California law.*  The California Code of Civil Procedure § 415.10 provides for service by personal delivery; section 415.20 provides for alternatives by leaving a copy of the summons and complaint at the business address with a person apparently in charge and thereafter mailing a copy.  California law also allows service by mail in certain circumstances.  See CAL. CIVIL CODE § 415.30.  However, in service by mail, the summons must include two copies of the notice, a return envelope, and an acknowledgment form that must be personally signed by the person served.  *Id.*  The service here does not meet any of such requirements.  Liederman did not receive the summons or the complaint, much less any acknowledgment or return envelope.  Liederman executed no such acknowledgment.

       3.2.3  *"Service" was improper under federal law.*  Service on Liederman was improper under Rule 4(e).  For the reasons described above, service was improper under state law.  Further, the plaintiff does not claim to have served defendant Liederman personally at his residence (or office), nor does he claim to have left a copy at Liederman's dwelling, nor with an agent authorized by appointment or law.  Service therefore was improper under federal law.

7

3.2.4 *The entry of default therefore is void.* Where proper service has not been made, any "default" is void. *Leedo Cabinetry v. James Sales & Distribution, Inc.,* 157 F.3d 410, 412 (5th Cir. 1998) ("[W]hen a district court lacks jurisdiction over a defendant because of lack of service of process, the default judgment is void and must be set aside . . . ."); *Bludworth Bond Shipyard v. M/V Carribean Wind,* 841 F.2d 646, 650 (5th Cir. 1988); *Miner v. Punch,* 838 F.2d 1407, 1410 (5th Cir. 1988) ("There being no valid service of process, the default judgment . . . is an absolute nullity and must be vacated"). This court therefore should set aside the orders entered herein as against Liederman. Further relief requested herein is subject to, and without waiver of, Liederman's objection to jurisdiction.

4.    *Orders should be set aside for good cause.* Subject to and without waiver of his objection to jurisdiction, Liederman alternately would show that the default orders should be set aside for good cause under FED. R. CIV. P. 55(c) and, as referenced, FED. R. CIV. P. 60(b). Defaults are not favored under federal law. *Effjohn Intern. Cruse Holdings, Inc. v. A & L Sales, Inc.,* 346 F.3d 552, 563 (5th Cir. 2003). The factors considered in such regard include: 1) whether the failure to act was willful; 2) whether setting the default aside would prejudice the adversary; and 3) whether a meritorious claim has been presented. *Effjohn,* 346 F.3d at 563. *See also Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000). Where, as here, there are no intervening equities, any doubt should be resolved in favor of the defendant seeking to set aside a default judgment, to the end of securing a trial on the merits. *Lacy,* 227 F.3d at 292.

8

4.1    *Liederman did not willfully fail to answer.*  For the reasons stated above, Liederman was not properly served with process.  Further, Liederman did not receive actual notice of this litigation until after the entry of default was made.  Liederman did not wilfully fail to answer this suit.  See Liederman affidavit.

4.2    *No prejudice exists.*  The delay occasioned by Liederman's failure to answer has been minimal.  Moreover, mere delay in responding does not alone constitute prejudice sufficient to warrant entry of default.  *Lacy,* 227 F.3d at 293.

4.3    *Liederman has a meritorious defense to this action.*  Liederman has a meritorious defense to this action.  Specifically, he had nothing to do with any communication to the plaintiff, including the letters attached to the October 7 Order entered by this court.  Liederman has no knowledge of the David Rosenberg supposedly signing the letter purporting to be on his letterhead.  Although Liederman has handled certain specific litigation for the co-defendants or related entities, he has never written consumer debt collection letters for them.  Liederman did not sign, send, write, or authorize or suffer the writing or sending of, the correspondence on which this complaint is based.  See Liederman affidavit.

4.4    *Default should be set aside.*  For the reasons stated above, the default against Liederman should be set aside.

5.    *Class certification should be set aside.*  Subject to and without waiver of the jurisdictional arguments presented here, the class certification in this litigation should be set aside.  This action was certified as a class without service on Liederman and without his ability to defend against such certification.  Further, it was expressly predicated on the

9

facts "admitted" by the default. Assuming *arguendo* that this action is not dismissed as to Liederman in its entirety, such class certification therefore should be set aside and reconsidered.

Wherefore, premises considered, defendant Liederman requests that the default orders entered in this action be set aside, and that this action be dismissed as to him. Liederman further requests such other and further relief to which he may be entitled, at law or in equity.

Respectfully submitted,

Charles C. Murray
State Bar No. 14719700
Southern Dist. ID No. 1214
818 Pecan/P. O. Box 3725
McAllen, Texas 78501/78502
(956) 682-5501 (phone)
(956) 686-6109 (fax)

Attorney in charge for defendant Liederman

10

## Certificate of Conference

Pursuant to Local Rule 6.A.4, I certify that I have conferred with the other counsel in this matter and that counsel cannot agree about the disposition of the motion.

_____
Charles C. Murray

## Certificate of Service

I certify that on November 13, 2003, a true and correct copy of the foregoing document (and any attachments) was sent to all counsel of record, as follows:

| Attorney: | For: | Served by: |
|---|---|---|
| Stephen Gardner<br>LAW OFFICES OF STEPHEN GARDNER, P.C.<br>6060 N. Central Expressway, Suite 560<br>Dallas, Tx 75206 | plaintiffs | certified mail, return receipt requested |
| John Ventura<br>Richard A. Mlynak<br>Daniel Whitworth<br>LAW OFFICES OF JOHN VENTURA<br>62 E. Price Road<br>Brownsville, Tx 78521 | | certified mail, return receipt requested |

_____
Charles C. Murray

11

United States District Court
Southern District of Texas
McAllen Division

| | | |
|---|---|---|
| MARIANO AYALA, individually and<br>on behalf of all others similarly situated,<br>    plaintiff | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. B-03-089 |
| ACCESS RECOVERY SERVICES, INC.;<br>ACCESS RECOVERY GROUP; and<br>PETER H. LIEDERMAN<br>    defendant | §<br>§<br>§<br>§ | |

## Affidavit of Peter Liederman

Before me, the undersigned notary, personally appeared Peter H. Liederman, who

being by me duly sworn, deposed and said:

1.    My name is Peter H. Liederman. I am a defendant in the above styled cause.

I am above the age of eighteen, have never been convicted of a felony or crime of

moral turpitude, and am competent to make this affidavit. The facts stated herein

are within my personal knowledge and are true and correct.

2.    I am attorney licensed by the State of California. I work and reside in

California. My residence address is 2442 Russell St., Berkeley, CA 94705. My

business address is, and has been at all relevant time, 2444 Russell St., Berkeley,

CA 94705. This address is available from the State Bar of California, including on

its website at www.calbar.ca.gov.

3.    I do not practice law or otherwise work in the State of Texas. I am not

licensed to practice law in the State of Texas.

4.    I have traveled to the State of Texas only infrequently. Prior to the entry of default in this action, I was last in Texas about three years ago on a pleasure trip. Prior to that occasion, I was in Texas only on one or two occasions in the 1990's for seminars in connection with my then employment with the Internal Revenue Service. I have traveled to the Rio Grande Valley only today, for the purpose of engaging and consulting with counsel.

5.    I have never owned or leased property within the State of Texas.

6.    I have never had employees or agents within the State of Texas.

7.    I have never owed any business located in the State of Texas.

8.    I have never advertised within the State of Texas.

9.    I have never had an office within the State of Texas.

10.    I have never had a telephone within the State of Texas.

11.    I have never had a bank account within the State of Texas.

12.    I have never conducted business in the State of Texas, with the exception of isolated purchases in connection with my previously described travel to Texas.

13.    I have never written collection letters to Texas residents, or otherwise attempt to collect money from Texas residents.

14.    With the exception of this suit, I have never been a party to any litigation in the State of Texas.

15.    I have never had any continuous and/or systematic contact with the State of Texas.

16.    I have never been served with summons or the complaint in this litigation. I became aware of this litigation only on or about October 25, 2003, when I received

2

a telephone call from a process server. On or about November 3, 2003, I was served with a Notice of Service, with attached Order on Entry of Default, Clerk's Entry of Default, and Order certifying class action, all of which relate to this action.

17.     Subsequent to the default entered against me in this action, I was provided by my attorney with a copy of the return of service filed in this action, which purports to show service on me. I was never served with summons and citation in this matter. I do not know any Paige Johnson, nor do I employ any such person. Ms. Johnson is not and has never been authorized to accept service on my behalf. No other person is authorized to accept service on my behalf.

18.     I have reviewed the Order entered in this action on October 7, 2003, and the attachments thereto. Exhibit 1 to such order purports to be a March 14, 2003 letter, on my letterhead, to Mariano Ayala ("Rosenberg letter"). The Rosenberg letter purportedly is signed by "David Rosenberg Legal Assistant." I have never had a legal assistant named David Rosenberg. I did not sign, send, author, or authorize or suffer the writing or sending of, the Rosenberg letter. I never saw the Rosenberg letter until I received the October 7, 2003 Order. The Rosenberg letter was written without my authorization or consent. Although I have handled certain specific litigation for the co-defendants or related entities, I have never written consumer debt collection letters for them.

19.     Also attached to the October 7, 2003 Order are other letters purportedly written to Mariano Ayala from other persons.   Prior to receipt of that Order, I had

3

never seen those letters. I have no connection with such letters. I did not write, and did not authorize or supervise the writing of such letters.

Peter H. Liederman

Subscribed and sworn to before me, the undersigned notary, on November 12, 2003.

Notary public, State of Texas
My commission expires: 9/18/04

TAMMIE RODRIGUEZ
Notary Public, State of Texas
My Commission Expires
09-18-2004

4

United States District Court
Southern District of Texas
Brownsville Division

| | | |
|---|---|---|
| MARIANO AYALA, individually and<br>on behalf of all others similarly situated,<br>    plaintiff | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. B-03-089 |
| ACCESS RECOVERY SERVICES, INC.;<br>ACCESS RECOVERY GROUP; and<br>PETER H. LIEDERMAN<br>    defendant | §<br>§<br>§<br>§<br>§ | |

### Order Vacating Default and Class Certification
### and Dismissing Liederman

On this date, the court considered the Defendant Peter H. Liederman's Motion to Dismiss, and Motion to Set Aside Default Judgment and Class Certification.    After considering the motion and the arguments in regard thereto, the court is of the opinion that such motion should be granted.  Therefore:

The Order on Entry of Default, the Clerk's Entry of Default, and the class certification order in this action are hereby vacated.

Further, the court finds that defendant Peter H. Liederman is not subject to jurisdiction in Texas. This action therefore is dismissed in all respects as to defendant Liederman.

Signed: _____, 2003, at Brownsville, Texas.


_____
Hon. Andrew S. Hanan
U.S. District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 4 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| AVIGAIL MARTINEZ DE ROMERO Individually, and As Guardian of ANGEL ROMERO, JR., Mentally and Physically Incompetent; ANGEL ROMERO GONZALEZ and GLORIA BADILLO RODRIGUEZ DE ROMERO, The Natural Parents of ANGEL ROMERO, JR.; and LUCILLA DELGADO ROMERO, As Next Friend of ANGEL ROMERO DELGADO and CAROLINA ROMERO DELGADO, Minor Children of ANGEL ROMERO, JR. | §§§§§§§§§§§§§§ | CIVIL ACTION NO. B-03-153  JURY DEMANDED |
| VS. | §§ | |
| UNIVAR USA, INC.; NEVGULMARCO COMPANY, INC.; ZIMCO, INC.; and CARMELITA, INC., As the Owner/ Operator of The M/V "Carmelita" | §§§§ | |

## FIRST AMENDED ORIGINAL ANSWER AND JURY DEMAND
## OF
## NEVGULMARCO COMPANY, INC. AND CARMELITA, INC.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, **Nevgulmarco Company, Inc. and Carmelita, Inc.,** Defendants in the above entitled and numbered cause pursuant to Federal Rule Civil Procedure 15, and file this their First Amended Original Answer and Jury Demand in response to Plaintiffs' Original Petition, and would show the Court as follows:

## ANSWER

1.      The statements contained in Subparagraph 1.1 of Paragraph I of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

2.      Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 2.1 of Paragraph II of Plaintiffs' Original Petition and, therefore, deny same.

3.      Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 2.2 of Paragraph II of Plaintiffs' Original Petition and, therefore, deny same.

4.      Defendants admit the allegations contained in Subparagraph 2.3 of Paragraph II of Plaintiffs' Original Petition.

5.      Defendants admit the allegations contained in Subparagraph 2.4 of Paragraph II of Plaintiffs' Original Petition.

6.      Defendants admit the allegations contained in Subparagraph 2.5 of Paragraph II of Plaintiffs' Original Petition.

7.      Defendants admit that jurisdiction is proper in this Court.  Defendants state that they are without knowledge or sufficient information to form a belief as to

the truth of the remaining allegations contained in Subparagraph 3.1 of Paragraph III of Plaintiffs' Original Petition and, therefore, deny same.

8.    Defendants admit the allegations contained in Subparagraph 3.2 of Paragraph III of Plaintiffs' Original Petition.

9.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 4.1 of Paragraph IV of Plaintiffs' Original Petition and, therefore, deny same.

10.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 4.2 of Paragraph IV of Plaintiffs' Original Petition and, therefore, deny same.

11.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 5.1 of Paragraph V of Plaintiffs' Original Petition and, therefore, deny same.

12.    Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in Subparagraph 5.2 of Paragraph V of Plaintiffs' Original Petition and, therefore, deny same.

**13.**    Defendants admit that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico and that Angel Romero, Jr. was an employee at that time.  Defendants deny all remaining allegations contained in Subparagraph 6.1 of Paragraph VI of Plaintiffs' Original Petition.

**14.**    Defendants deny the allegations contained in Subparagraph 6.2 of Paragraph VI of Plaintiffs' Original Petition.

**15.**    Defendants deny the allegations contained in Subparagraph 6.3 of Paragraph VI of Plaintiffs' Original Petition.

**16.**    The statements contained in Subparagraph 7.1 of Paragraph VII of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

**17.**    Defendants admit that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico and that Angel Romero, Jr. was an employee at that time.  Defendants deny all remaining allegations contained in Subparagraph 7.2 of Paragraph VII of Plaintiffs' Original Petition.

**18.**    Defendants deny the allegations contained in Subparagraph 7.3 of Paragraph VII of Plaintiffs' Original Petition.

**19.**    Defendants deny the allegations contained in Subparagraph 7.4 of Paragraph VII of Plaintiffs' Original Petition.

**20.**   Defendants deny the allegations contained in Subparagraph 7.5 of Paragraph VII of Plaintiffs' Original Petition.

**21.**   Defendants deny the allegations contained in Subparagraph 7.6 of Paragraph VII of Plaintiffs' Original Petition.

**22.**   Defendants deny the allegations contained in Subparagraph 8.1 of Paragraph VIII of Plaintiffs' Original Petition.

**23.**   Defendants deny the allegations contained in Subparagraph 8.2 of Paragraph VIII of Plaintiffs' Original Petition.

**24.**   Defendants admit that on July 21, 2003 the M/V "Carmelita" was engaged in shrimping operations and related activities in the Gulf of Mexico and that Angel Romero, Jr. was an employee at that time.  Defendants deny all remaining allegations contained in Subparagraph 9.1 of Paragraph IX of Plaintiffs' Original Petition.

**25.**   Defendants admit the allegations contained in Subparagraph 9.2 of Paragraph IX of Plaintiffs' Original Petition.

**26.**   Defendants admit that the hold remained covered while the M/V "Carmelita" was engaged in shrimping operations. Defendants deny all remaining allegations contained in Subparagraph 9.4 of Paragraph IX of Plaintiffs' Original Petition.

**27.**   Defendants state that they are without knowledge or sufficient information to form a belief as to the truth of the allegations contained in

FIRST AMENDED ORIGINAL ANSWER AND JURY DEMAND
OF NEVGULMARCO COMPANY, INC. AND CARMELITA, INC.
TF/bgw  #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v. Nev\USDC-B-03-153\1AmdAnswer.wpd

Page 5 of 20

Subparagraph 9.5 of Paragraph IX of Plaintiffs' Original Petition and, therefore, deny same.

28.    Defendants deny the allegations contained in Subparagraph 9.6 of Paragraph IX of Plaintiffs' Original Petition.

29.    Defendants deny the allegations contained in Subparagraph 9.7 of Paragraph IX of Plaintiffs' Original Petition.

30.    Defendants deny the allegations contained in Subparagraph 9.8 of Paragraph IX of Plaintiffs' Original Petition.

31.    Defendants admit that sodium metabisulfite has been used for many years in the shrimping industry as a preservative for freshly caught shrimp. Defendants deny all remaining allegations contained in Subparagraph 9.9 of Paragraph IX of Plaintiffs' Original Petition.

32.    Defendants deny the allegations contained in Subparagraph 9.10 of Paragraph IX of Plaintiffs' Original Petition.

33.    Defendants deny the allegations contained in Subparagraph 9.11 of Paragraph IX of Plaintiffs' Original Petition.

34.    Defendants deny the allegations contained in Subparagraph 9.12 of Paragraph IX of Plaintiffs' Original Petition.

35.    Defendants deny the allegations contained in Subparagraph 9.13 of Paragraph IX of Plaintiffs' Original Petition.

36.    Defendants deny the allegations contained in Subparagraph 9.14 of Paragraph IX of Plaintiffs' Original Petition.

37.    Defendants deny the allegations contained in Subparagraph 9.15 of Paragraph IX of Plaintiffs' Original Petition.

38.    Defendants deny the allegations contained in Subparagraph 9.16 of Paragraph IX of Plaintiffs' Original Petition.

39.    Defendants deny the allegations contained in Subparagraph 9.17 of Paragraph IX of Plaintiffs' Original Petition.

40.    Defendants deny the allegations contained in Subparagraph 9.18 of Paragraph IX of Plaintiffs' Original Petition.

41.    Defendants deny the allegations contained in Subparagraph 9.19 of Paragraph IX of Plaintiffs' Original Petition.

42.    Defendants deny the allegations contained in Subparagraph 10.1 of Paragraph X of Plaintiffs' Original Petition.

43.    Defendants deny the allegations contained in Subparagraph 10.2 of Paragraph X of Plaintiffs' Original Petition.

44.    Defendants deny the allegations contained in Subparagraph 10.3 of Paragraph X of Plaintiffs' Original Petition.

45.    Defendants deny the allegations contained in Subparagraph 10.4 of Paragraph X of Plaintiffs' Original Petition.

**46.**    Defendants deny the allegations contained in Subparagraph 11.1 of Paragraph XI of Plaintiffs' Original Petition.

**47.**    Defendants deny the allegations contained in Subparagraph 11.2 of Paragraph XI of Plaintiffs' Original Petition.

**48.**    Defendants deny the allegations contained in Subparagraph 12.1 of Paragraph XII of Plaintiffs' Original Petition.

**49.**    Defendants deny the allegations contained in Subparagraph 12.2 of Paragraph XII of Plaintiffs' Original Petition.

**50.**    Defendants deny the allegations contained in Subparagraph 12.3 of Paragraph XII of Plaintiffs' Original Petition.

**51.**    Defendants deny the allegations contained in Subparagraph 13.1 of Paragraph XIII of Plaintiffs' Original Petition.

**52.**    Defendants deny the allegations contained in Subparagraph 13.2 of Paragraph XIII of Plaintiffs' Original Petition.

**53.**    Defendants deny the allegations contained in Subparagraph 13.1 (should be numbered 13.3) of Paragraph XIII of Plaintiffs' Original Petition.

**54.**    Defendants deny the allegations contained in Subparagraph 13.4 of Paragraph XIII of Plaintiffs' Original Petition.

**55.**    Defendants deny the allegations contained in Subparagraph 13.5 of Paragraph XIII of Plaintiffs' Original Petition.

**56.**    Defendants deny the allegations contained in Subparagraph 13.6 of Paragraph XIII of Plaintiffs' Original Petition.

**57.**    Defendants deny the allegations contained in Subparagraph 14.1 of Paragraph XIV of Plaintiffs' Original Petition.

**58.**    Defendants deny the allegations contained in Subparagraph 14.2 of Paragraph XIV of Plaintiffs' Original Petition.

**59.**    Defendants deny the allegations contained in Subparagraph 14.3 of Paragraph XIV of Plaintiffs' Original Petition.

**60.**    Defendants deny the allegations contained in Subparagraph 14.4 of Paragraph XIV of Plaintiffs' Original Petition.

**61.**    Defendants deny the allegations contained in Subparagraph 14.5 of Paragraph XIV of Plaintiffs' Original Petition.

**62.**    Defendants deny the allegations contained in Subparagraph 14.6 of Paragraph XIV of Plaintiffs' Original Petition.

**63.**    Defendants deny the allegations contained in Subparagraph 15.1 of Paragraph XV of Plaintiffs' Original Petition.

**64.**    Defendants deny the allegations contained in Subparagraph 15.2 of Paragraph XV of Plaintiffs' Original Petition.

**65.**    Defendants deny the allegations contained in Subparagraph 15.3 of Paragraph XV of Plaintiffs' Original Petition.

66.    The statements contained in Subparagraph 15.4 of Paragraph XV of Plaintiffs' Original Petition do not require either an admission or denial. However, to the extent that the statements make averments of fact or law, Defendants deny same.

67.    Defendants deny the allegations contained in Subparagraph 15.5 of Paragraph XV of Plaintiffs' Original Petition.

68.    Defendants deny the allegations contained in Subparagraph 15.6 of Paragraph XV of Plaintiffs' Original Petition.

69.    Defendants deny the allegations contained in Subparagraph 15.7 of Paragraph XV of Plaintiffs' Original Petition.

70.    Defendants deny the allegations contained in Subparagraph 15.8 of Paragraph XV of Plaintiffs' Original Petition.

71.    Defendants deny the allegations contained in Subparagraph 15.9 of Paragraph XV of Plaintiffs' Original Petition.

72.    Defendants deny the allegations contained in Subparagraph 15.10 of Paragraph XV of Plaintiffs' Original Petition.

73.    Defendants deny the allegations contained in Subparagraph 15.11 of Paragraph XV of Plaintiffs' Original Petition.

74.    Defendants deny the allegations contained in Subparagraph 15.12 of Paragraph XV of Plaintiffs' Original Petition.

75.    Defendants deny the allegations contained in Subparagraph 16.1 of Paragraph XVI of Plaintiffs' Original Petition.

76.    Defendants deny the allegations contained in Subparagraph 17.1 of Paragraph XVII of Plaintiffs' Original Petition.

77.    The statements contained in Subparagraph 18.1 of Paragraph XVIII of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

78.    The statements contained in Subparagraph 19.1 of Paragraph XIX of Plaintiffs' Original Petition do not require either an admission or denial.  However, to the extent that the statements make averments of fact or law, Defendants deny same.

79.    Defendants deny that Plaintiffs are entitled to a judgment, damages, costs, attorney's fees or any other relief prayed for in the prayer of Plaintiffs' Original Petition.

80.    Defendants deny each and every allegation contained in Plaintiffs' Original Petition not specifically admitted herein.

81.    For further answer, if such be necessary, and pleading in the alternative, Defendants allege that the accident made the basis of this suit was an unavoidable accident.

## AFFIRMATIVE DEFENSES

82.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, due to Plaintiff Angel Romero, Jr.'s contributory negligence, gross negligence and recklessness in that he failed to exercise ordinary care, caution and prudence to avoid

the incident which is the basis of this cause of action. Plaintiff Angel Romero, Jr.'s acts and omissions, whether taken together or separately, proximately caused the injuries and damages to Plaintiffs which are alleged in Plaintiff's petition.

83.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, the assumption of risk, on the part of persons whose assumption of the risk may be imputed to one or more Plaintiffs, including but not limited to the assumption of risk on the part of a parent, child or spouse of such Plaintiffs, caused or contributed to such Plaintiffs' alleged damages and, therefore, any recovery by such Plaintiffs is barred.

84.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if Plaintiffs were damaged as alleged, which is not admitted but is expressly denied, such damages were caused or contributed to, in whole or in part, by a party through which Defendants are not responsible.

85.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence, gross negligence and recklessness of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

86.    For further answer, if such be necessary, and pleading in the alternative, Defendants assert the provisions of 46 App. U.S.C.A. § 183(a) in that the liability (if any) of the owner of the M/V "Carmelita" is limited to the value of the interest of such owner in that vessel because the loss (if any) occasioned was without the privity or knowledge of such owner.

87.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the act or omission of a person other than these Defendants was the sole proximate cause of the Plaintiffs' alleged injuries.

88.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

89.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, the assumption of risk on the part of Plaintiffs caused or contributed to Plaintiffs' alleged damages and, therefore, any recovery by Plaintiffs is barred.

90.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, the failure of Plaintiffs to mitigate their damages caused or contributed to Plaintiffs' alleged damages and, therefore, any

recovery by such Plaintiffs is barred or shall be reduced by an amount equal to the damages Plaintiffs failed to mitigate.

91.    For further answer, if such be necessary, and pleading in the alternative, Defendants would show that if Plaintiffs were injured as alleged, which Defendants specifically deny, said injuries were occasioned without the privity or knowledge of the Defendants; however, while the amount of damages may exceed the amount or value of Defendants' interest in the M/V "Carmelita" and her freight then pending, the Defendants invoke the benefits of the provisions of the revised statutes of the United States and the act amendatory thereof in Limitation of Shipowner's Liability Act, 46 U.S.C. § 183 under which provisions, should the Defendants be held liable for or by any reason, Plaintiffs are not entitled to recover damages in a sum greater than the value of the Defendants' interest in the M/V "Carmelita" and her freight then pending at the time of the alleged injuries.

92.    For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, the negligence, fault or carelessness of others not named as parties caused or contributed to Plaintiffs' alleged damages and, therefore, any recovery by Plaintiffs against Defendants is barred or the trier of fact shall determine the percentages of responsibility attributable to all parties and/or others not named as parties.

93. For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, Defendants are not liable for the damages to Plaintiffs as the temporary unseaworthy condition was created solely by the negligence or breach of an employment duty by Plaintiff Angel Romero, Jr.

94. For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which Defendants specifically deny, Defendants are not liable as such damage was caused by Angel Romero, Jr.'s own breach of his duty to maintain a safe ship and Plaintiffs are barred from recovery under the "primary duty doctrine".

95. For further answer, if such be necessary, and pleading in the alternative, Defendants state that if Plaintiffs were damaged as alleged in Plaintiffs' Original Petition, which these Defendants specially deny, any assessment of punitive or exemplary damages is not permitted by applicable law and/or violates these Defendants' constitutional rights under Article I, Section 9, and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution for the reason that the assessment of punitive or exemplary damages deny these Defendants their right to substantive and procedural due process; the assessment of punitive or exemplary damages is penal in nature and tantamount to the imposition of an excessive and criminal fine without according these Defendants' the same rights required for the imposition of a criminal fine; the guidelines, standards and/or instructions for the

**FIRST AMENDED ORIGINAL ANSWER AND JURY DEMAND**
**OF NEVGULMARCO COMPANY, INC. AND CARMELITA, INC.**
TF/bgw  #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v  Nev\USDC-B-03-153\1AmdAnswer.wpd

Page 15 of 20

imposition of punitive or exemplary damages are vague, indefinite, uncertain and set no limit on the damages which can be awarded; the assessment of punitive or exemplary damages exposes these Defendants to multiple punishments and fines for the same act; the assessment of punitive or exemplary damages discriminates on the basis of wealth in that different amounts can be awarded against different defendants for the same act depending solely upon the material wealth of the various defendants; and the assessment of punitive or exemplary damages constitutes an impermissible burden on interstate commerce.

96.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States.  Texas Law, and the instructions given to the jury, are vague and standardless as to whether and how much to punish a defendants and are likely to produce arbitrary and capricious results.  Therefore, any award of punitive damages should be disallowed, or declared null and void.

97.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

FIRST AMENDED ORIGINAL ANSWER AND JURY DEMAND
OF NEVGULMARCO COMPANY, INC. AND CARMELITA, INC.
TF/bgw  #031087  L:\WARNKE\CLIENT\ZIMCO\Carmelita Inc\Romero\Romero v. Nev\USDC-8-03-153\1AmdAnswer.wpd

Page 16 of 20

(a)    Proscription On Excessive Fines.  U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

(b)    Requirements Of Due Process.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Section 13 and 19.

(c)    Requirement of Equal Protection Under The Law.  U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

(d)    Proscription On Ex Post Facto And Retroactive Law.  U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

(e)    Such Punitive Damages Are Penal In Nature.  Under Texas law, they are not tied to any fair, just and reasonable relation to actual damages. Consequently, exemplary damages violate the contract clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

98.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the exemplary damages, if any, assessed in this case be limited in accordance with the guidelines set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and the due process and excessive fines clauses of the United States and Texas Constitutions.

99.    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to any of the damages as alleged, as Defendants had an ERISA plan in effect at the time of Plaintiff **Angel Romero, Jr.'s** alleged injury; said plan was in effect to protect Defendants' injured employees and, pursuant to 29 U.S.C. § 1132, the civil enforcement provision of ERISA, the exclusive remedies and/or damages Plaintiffs are entitled to are provided by the above referenced section of ERISA due to its complete preemption doctrine.

**100.** For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to any of the damages as alleged, as the facts of this case mandate that it comes within the purview of maritime law. *General Chemical Corporation v. De La Lastra*, 852 S.W.2d 916, 919 (Tex. 1993; citing *Sisson v. Ruby*, 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990). As such, Defendants invoke federal maritime law which provides the exclusive remedy under which all Plaintiffs but one, Plaintiff **Angel Romero, Jr.**, may proceed, thus preempting all state law grounds of recovery and limiting Plaintiffs' damages to those available under general maritime law. *De La Lastra*, 852 S.W. at 920.

**101.** For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to any of the damages as alleged, as the facts of this case relate to Plaintiff **Angel Romero, Jr.** and any alleged injury he sustained, the only remedies he may pursue are through the Jones Act. 48 U.S.C. 688 and/or general maritime law, thus preempting his state law grounds of recovery and limiting his damages to those available under the above referenced laws.

**102.** Defendants reserve the right to raise such additional defenses as may become available through investigation and discovery.

## JURY DEMAND

**103.** Defendants hereby request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiffs take nothing by this suit and that Defendants be awarded their costs and have such other and further relief, general and specific, at law or in equity, to which they may show themselves justly entitled to receive.

DATED: <u>November 14, 2003</u>.

Respectfully submitted,

**FLEMING & HERNANDEZ, P.C.**
1650 Paredes Line Road, Suite 102
Brownsville, Texas 78521-1602
Telephone: (956) 982-4404
Telecopier: (956) 982-0943

by: _____

**Tom Fleming**
State Bar of Texas No. 07133000
Federal I.D. No. 1188

**Jeffrey G. Mathews**
State Bar of Texas No. 24013115
Federal I.D. No. 24499

**ATTORNEYS FOR DEFENDANTS,
NEVGULMARCO COMPANY, INC.
and CARMELITA, INC.**

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing FIRST AMENDED ORIGINAL ANSWER AND JURY DEMAND OF NEVGULMARCO COMPANY, INC. AND CARMELITA, INC. were served on November 14, 2003 in the manner(s) indicated below upon the following Counsel:

CO-COUNSEL FOR PLAINTIFFS:
Mikal C. Watts; Ray R. Marchan
WATTS LAW FIRM, L.L.P.
1926 East Elizabeth Street
Brownsville, Texas  78520
(*CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 8277*)

CO-COUNSEL FOR PLAINTIFFS:
Ernesto Gamez, Jr.
LAW OFFICES OF ERNESTO GAMEZ, JR.
Justice For All Building
777 East Harrison Street
Brownsville, Texas  78520
(*CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 8246*)

CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:
Stan Perry
HAYNES AND BOONE, LLP
1000 Louisiana, Suite 4300
Houston, Texas  77002-5012
(*CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 8253*)

CO-COUNSEL FOR DEFENDANT, UNIVAR USA, INC.:
Michael Rodriguez
MICHAEL RODRIGUEZ, P.L.L.C.
1000 East Madison
Brownsville, Texas  78520
(*CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 8284*)

COUNSEL FOR DEFENDANT, ZIMCO MARINE, INC.:
Jaime A. Saenz; RosaMaria Villagomez-Vela
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas  78522
(*CERTIFIED UNITED STATES MAIL, R.R.R., #7002 1000 0005 1026 8239*)

Tom Fleming