IN THE UNITED STATES BANKRUPTCY COURT
FOR SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 8 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARIANO AYALA | § | |
| Individually and on behalf of all | § | |
| others similarly situated | § | |
| | § | |
| Plaintiffs | § | |
| | § | CIVIL ACTION NO. B-03-089 |
| VS. | § | |
| | § | |
| ACCESS RECOVERY SERVICES, INC; | § | |
| ACCESS RECOVERY GROUP; and | § | |
| PETER H. LIEDERMAN | § | |
| Defendants | § | |

**EMERGENCY RULE 37 (a) MOTION TO COMPEL DEFENDANT'S DEPOSITION AND
RESPONSES TO WRITTEN DISCOVERY, RULE 37 (d) MOTION FOR SANCTIONS and
REQUEST FOR TELEPHONIC HEARING**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ANDREW HANEN:

Comes now, Mariano Ayala, Plaintiffs, and would show unto the court the following:

1.    On May 14, 2003, Plaintiff filed his Original Complaint against Defendants Access

Recovery Services, Inc.; Access Recovery Group and Peter H. Liederman.

2.    None of the Defendants answered in a timely manner.

3.    Plaintiffs moved for entry of default and requested class certification on August 7, 2003.

4.    The clerk's entry of default was filed on August 22, 2003 for all Defendants.

5.    On October 3, 2003, this court ordered that the class be certified and gave the Plaintiff

120 days to conduct discovery "sufficient to determine the identities and addresses of class

members."

6.    On October 22, 2003, Plaintiff served written discovery on Defendants Access Recovery Services, Inc., Access Recovery Group, and Peter H. Liederman. See Exhibit A.

7.    On or about November 13, 2003, Peter H. Liederman filed a Motion to Dismiss, and Motion to Set Aside Default Judgment and Class Certification.

8.    Plaintiff and Defendant Peter H. Liederman submitted an agreed motion for extension of time for Plaintiff to respond to Defendant Peter H. Liederman's Motions and to complete discovery by January 15, 2004.

9.    Neither of the other Defendants, Access Recovery Services, Inc. or Access Recovery Group (jointly, "Access Defendants"), has made an appearance to date.

10.   The Access Defendants provided no response whatsoever to Plaintiffs written discovery to them, including Interrogatories, Requests for Production, and Requests for Admission. Because the Access Defendants completely failed to respond to Plaintiff's written discovery, the Court should compel the Access Defendants to comply with the Plaintiff's written discovery requests.

11.   In a further attempt to learn Defendant Peter H. Liederman's position regarding his transaction with Plaintiff, Plaintiff noticed the deposition of Mr. Liederman, which is scheduled for December 30, 2003 in Oakland, California. See Exhibit B, attached hereto. Mr. Liederman has agreed to attend and testify at the deposition. This Defendant did not object to or move to quash his deposition.

12.   As Access Defendants have failed to (1) answer this lawsuit; and (2) respond to Plaintiff's written discovery, Plaintiff respectfully requests that this Court ORDER Defendants Access

Recovery Services, Inc., and Access Recovery Group to respond in full and without objections to all pending discovery requests by no later than December 29, 2003, by hand delivery to Plaintiff's counsel and attend and answer questions at an oral deposition, at 5:00 p.m. on December 30, 2003 at the offices of Brooks & Ojeda/Legal Link Court Reporting, 1956 Webster Street, Ste. 450, Oakland, California 94612 pursuant to Rule 30 of the Federal Rules of Civil Procedure, and to produce at that deposition their responses to all pending discovery requests.

13.   Plaintiff respectfully requests an emergency telephonic hearing on the referenced matters and that said hearing be set at the Court's earliest convenience, on December 23, 2003, if possible for the Court.

## **ARGUMENT**

14.   The court may compel responses to discovery if a party does not do any of the following: (1) answer questions submitted under Federal Rules of Civil Procedure 30 or 31; (2) make a designation under Rule 30(b)(6) or 31(a); (3) answer an interrogatory submitted under FRCP 33; or (4) respond to a request for inspection submitted under FRCP 34. Fed. R. Civ.P. 37(a)(2)(B).

15.   Discovery may be obtained about any matter not privileged that is relevant to the subject matter of the case. Fed.R.Civ.P. 26(b). Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

16.   Defendants have failed to take this lawsuit seriously by failing to properly respond to Plaintiff's written discovery to Defendants. Fed. R. Civ. P. 37(a)(2)(B); 37(a)(3). The

Plaintiff's written discovery to Defendants addressed the identities and addresses of the class members, as well as the transaction and damages in this lawsuit and were within the scope of discovery permitted by Rule 26(b). The information responsive to these discovery requests is necessary to this litigation because it will fulfill the Court's order that the Plaintiffs conduct discovery on the class members' identity and addresses within the time period prescribed by the court.

17.    Plaintiff moves this court to award reasonable expenses for the preparation and service of Plaintiff's written discovery, for Plaintiff's preparation of this Motion to Compel and Motion for Sanctions, service and time at this court's hearing on this matter, including costs and attorney's fees for Defendants, Access Recovery Services, Inc., and Access Recovery Group's noncompliance and the use of this court's time in having to hear this discovery motion.

## RULE 37(d) MOTION FOR SANCTIONS

18.    Plaintiffs asks the Court to sanction Defendants Access Recovery Services and Access Recovery Group for his failure to provide their written discovery responses. Rule 37(d), Fed. R. Civ. P.

19.    The purpose of sanctions is to secure compliance with the discovery rules, to deter violation of discovery rules by others, and to punish parties for discovery violations. *See National Hockey league v Metropolitan Hockey Club, Inc.* 427 U.S. 639, 643, 96 S. CT. 2778, 2781 (1976).  When considering sanctions, the court should ensure that any discovery sanctions comports with due process. *See Hammond Packing Co. v.*

*Arkansas*, 212 U.S. 322, 349-54, 29 S.Ct. 370, 379-81 (1909).  The sanctions imposed must have a direct relationship to the offensive conduct. *Id.*

20.    The sanctions sought are not excessive, will ensure compliance with the rules, and will deter future violations.

21.    There is a direct relationship between Defendant's conduct and the request for sanctions as timely notice and multiple attempts to get the Defendant to participate in this lawsuit have been ignored by Defendants Access Recovery Services, Inc., and Access Recovery Group.  It appears that the only action that might get this Defendant's attention is an Order by this Court, compelling Defendants' participation in this lawsuit and an Order Sanctioning the Defendants Access Recovery Services, Inc., and Access Recovery Group for discovery abuse.

22.    For these reasons, Plaintiff asks this court to order representatives of Defendants Access Recovery Systems, Inc., and Access Recovery Group to attend and to give testimony at a deposition on December 30, 2003 and answer Plaintiff's written discovery requests immediately, and to pay sanctions in the amount of $1,500.

WHEREFORE PREMISES CONSIDERED, Mariano Ayala, Plaintiff, prays that this Court issue an Order setting this matter for a telephonic hearing on December 23, 2003 at the Court's convenience, and for such other and further relief as is just and equitable.

Dated: December 18, 2003

Respectfully submitted,

**Stephen Gardner**
Federal ID No. 16111
State Bar No. 07660600
**Law Office of Stephen Gardner**
6060 North Central Expy., Ste 560
Dallas, Texas 75206
Tel. (214) 800-2830
Fax. (214) 800-2834


**John Ventura**
Texas Bar No. 20545700
Federal ID No. 1646
**Richard A. Mlynek**
Texas Bar No. 24007689
Federal ID No. 23125
**Law Offices of John Ventura, PC**
62 E Price Rd.
Brownsville, Texas  78520
(956) 546-9398
(956) 542-1478 Facsimile

Counsel for Plaintiff and the Class

By: _____
      Richard A. Mlynek

## CERTIFICATE OF CONFERENCE

This will certify that on the __18th__ day of December 2003, Plaintiff's counsel attempted without success to contact Defendants, Access Recovery Services, Inc., and Access Recovery Group to discuss the filing of this Emergency Motion to Compel and for Sanctions.   Plaintiffs have also conferred with Defendant Peter H. Liederman, who does not oppose the filing of this Emergency Motion to Compel and for Sanctions.

John Ventura
Richard A. Mlynek

## CERTIFICATE OF SERVICE:

I, hereby certify that on December 18, 2003, a true and correct copy of the **EMERGENCY RULE 37 (a) MOTION TO COMPEL DEFENDANT'S DEPOSITION AND RESPONSES TO WRITTEN DISCOVERY, RULE 37 (d) MOTION FOR SANCTIONS and REQUEST FOR HEARING** was filed and mailed via certified mail to the following:

***Certified Mail R.R.R.***

Access Recovery Services, Inc.
1714 Franklin Street, Ste 100-330
Oakland, California 94612
Fax: 510-663-5141

Access Recovery Group, Inc.
1714 Franklin Street, Ste 100-330
Oakland, California 94612
Fax: 510-663-5141

Peter H. Liederman
1611 Telegraph Ave., Suite 1210
Oakland, California 94612

JOHN VENTURA
RICHARD A. MLYNEK

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **Mariano Ayala,** | § | |
| Individually and on behalf of all | § | |
| others similarly situated, | § | |
| | § | |
|       Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action Number B-03-089 |
| | § | |
| **Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman,** | § | |
| | § | |
| | § | |
| | § | |
|       Defendants. | § | |

## PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS

TO:   **Access Recovery Services, Inc.**, Defendant

      **Access Recovery Group**, Defendant

      **Peter H. Liederman**, Defendant

Plaintiff Mariano Ayala ("Ayala") propounds the following discovery requests to each Defendant pursuant to the Federal Rules of Civil Procedure. Each Defendant is notified that all responses shall be served within 31 days of your receipt of these requests.

### Instructions

1.      All entities or parties named or referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates and any of the directors, officers, employees, agents, and representatives, including attorneys.

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 1**



2.    Documents produced shall be organized and designated to correspond to the category in the request or produced as they are kept in the usual course of business.

3.    If privilege or work product protection is claimed as a ground for withholding discovery, in whole or in part, the response shall identify the date of the document, its subject matter, its length, its attachments (if any), its present custodian and all recipients thereof (whether indicated on the documents or otherwise), and shall describe the factual basis for the claim of privileged or work protection in sufficient details so as to permit the Court to determine the validity of the claim.

4.    In the event that a document responsive to these discovery requests has been destroyed, the response hereto shall identify the preparer of the document, its addresser, addressee, each recipient thereof, each person to whom distributed or shown, date prepared, date transmitted (if different), date received, a description of the contents and subject matter, the date of its destruction, the manner of its destruction, the name, title, and address of person who authorized its destruction, the reason for its destruction, the name, title and address of the person destroying the document and a description of efforts to locate the document and copy it.

5.    These requests are continuing so as to require supplemental responses in accordance with the Federal Rules of Civil Procedure if additional responsive documents or information is obtained or discovered between the time of responding to these requests and the final disposition of this action.

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS**, page 2

6.    Each paragraph herein shall be construed independently and not with reference to any other paragraph for the purpose of limitation.

7.    In answering the requests, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting on your behalf and not merely such information known of your own personal knowledge.  If you cannot respond to any request in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

8.    If your response to any of the requests for admissions submitted herewith is anything other than an unqualified admission, please provide the facts that support your basis for not providing an unqualified admission.

### Definitions

1.    "Persons" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

2.    "You," "Your," and "Yours" means the Defendant responding to these discovery requests.

3.    "Identify" and "identity" mean: (1) when used in reference to a natural person: the full name, present (or last known) address, telephone numbers, occupation and business affiliation of that person; and (2) when used in reference to a document: the nature of the document (*e.g.*, letter, memorandum, notes, *etc.*), the date (or approximate date) on which the document was prepared, the general subject matter of the

document, and the identity of each person who wrote, signed, dictated, or otherwise participated in the preparation of the document.

4.    "Document" or "documents" means all tangible items of any nature, both original and copies (whether or not identical), and all attachments and appendices thereof and all drafts thereof including, but not limited to, agreements, contracts, communications, correspondence, letters, telegrams, telexes, memoranda, records, reports, books, summaries, or other records of personal conversations, minutes, summaries or other records of negotiation, diaries, diary items, calendars, appointment books, time records, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, marginal notations, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, print-outs, compilations, tabulations, purchase orders, receipts, orders, confirmations, meetings, checks, canceled checks, letters of credit, envelopes, folders or similar containers, vouchers, analyses, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disk recordings, voice recordings, video records, film, tape, videotapes, photographs, punch cards, programs, and data computations form which information can be obtained or translated into useable form (including matter used in data processing) and any other writing of whatsoever description including, but not limited to, any information contained in any computer, although not yet printed out

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS**, page 4

within the possession, custody or control of the Defendant. If any documents requested to be identified were not or are no longer in your possession or control or they are or are no longer in existence, state whether they are: (1) missing or lost; (2) destroyed; (3) transferred voluntarily or involuntarily to others and, if so, to whom; or (4) otherwise disposed of. In each such instance, explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

5.    "Class Member" means (1) any consumer in the United States to whom any Defendant sent a collection letter during the period from May 14, 2002 to October 3, 2003 and (2) any consumer residing in Texas to whom any Defendant sent a collection letter during the period from May 14, 2001 to October 3, 2003.

**John Ventura**
Federal ID No. 1646
State Bar No. 20545700
**Richard A. Mlynek**
Federal ID No. 23125
State Bar No. 24007689
**Law Offices of John Ventura, PC**
62 East Price Road
Brownsville, Texas 78521
Telephone: (956) 546-9398
Telecopier: (956) 542-1478

**Stephen Gardner**
Federal ID No. 16111
State Bar No. 07660600
**Law Office of Stephen Gardner, PC**
6060 North Central Expy., Ste. 560
Dallas, Texas 75206
Telephone: (214) 800-2830
Telecopier: (214) 800-2834

Counsel for Plaintiff and the Class

By:

_____

Stephen Gardner

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 6**

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Please set forth complete information which will identify you, including all names that you may have ever used, date of birth, correct business addresses, telephone numbers and the name and relationship to you of all persons or entities providing assistance in preparing these answers.

**ANSWER:**

**INTERROGATORY NO. 2:**

As to each of the letters attached as Exhibits 1-4, please state:

a.      The number of letters that were mailed during the period May 14, 2002 to October 3, 2003.

b.      An itemization by state and ZIP Code of the addressees of each letter.

c.      The number of letters that were mailed during the period May 14, 2001 to October 3, 2003.

d.      An itemization by state and ZIP Code of the addressees of each letter.

**ANSWER:**

**INTERROGATORY NO. 3:**

Please identify and state the aliases, job title, and date of initial employment of all current employees of any Defendant who engage in the collection of consumer debts.

**ANSWER:**

**INTERROGATORY NO. 4:**

Please identify and state the aliases, job title, and date of initial employment and date of and reason for termination of employment of each employee of any Defendant:

a.      Who contacted Plaintiff or any other Class Member regarding a debt; and

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 7**

b.    Who are currently employed by any Defendant or who have left that employ within the last three years.

**ANSWER:**

**INTERROGATORY NO. 5:**

Please provide any facts that relate to any denials by any Defendant of Plaintiff's claims and/or affirmative defenses and avoidances.  Please identify all documents related to or relevant to said denials and/or affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 6:**

Please identify all persons with knowledge of the facts in dispute, if any, in this matter.  As part of your response, please provide a description of the person's particular knowledge as part of this response.

**ANSWER:**

**INTERROGATORY NO. 7:**

Please state whether any Defendant has reported or has had reported on its behalf to any credit reporting agency or other third party, any information regarding Plaintiff or his purported debt, or any Class Member or that Class Member's purported debt. If so, please identify each such credit reporting agency or other person, and state in detail and with particularity the nature and substance of the information so reported, the dates when such reports were made, the method or manner by which such reports were made, a subsequent contact or abstraction and the substance, date and method or manner by such subsequent contact or abstraction occurred, the current status of such report with regard to the information contained in your answer hereto and identify all documents relevant, related to reflecting such reports.

**ANSWER:**

**INTERROGATORY NO. 8:**

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS**, page 8

During the period May 14, 2002 to October 3, 2003, describe all other types of communication or any other collection attempts that were made by any Defendant, after letters in the format of Exhibit 1 were sent to Class Members.

**ANSWER:**

**INTERROGATORY NO. 9:**

During the period May 14, 2002 to October 3, 2003, describe all other types of communication or any other collection attempts that were made by any Defendant, after letters in the format of Exhibit 2 were sent to Class Members.

**ANSWER:**

**INTERROGATORY NO. 10:**

During the period May 14, 2002 to October 3, 2003, describe all other types of communication or any other collection attempts that were made by any Defendant, after letters in the format of Exhibit 3 were sent to Class Members.

**ANSWER:**

**INTERROGATORY NO. 11:**

During the period May 14, 2002 to October 3, 2003, describe all other types of communication or any other collection attempts that were made by any Defendant, after letters in the format of Exhibit 4 were sent to Class Members.

**ANSWER:**

**INTERROGATORY NO. 12:**

Describe in detail any system or procedure any Defendant maintains or operates to record contact by its employees with consumers or third parties in connection with the collection of consumer accounts, and each Defendant's policies for operating such a system.

**ANSWER:**

**INTERROGATORY NO. 13:**

Please identify the date, time, nature (*e.g.* letter or telephone call) and the substance of each contact with a person other than Plaintiff made in connection with the collection of Plaintiff's account. Please include in your answer the names and contact information of any witnesses to or participants in said contacts.

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 10**

**ANSWER:**

**INTERROGATORY NO. 14:**

Please identify any past contracts or agreements between any Defendant and Household Finance-ITT and give a date of the initial contract or agreement between that Defendant and Household Finance-ITT.

**ANSWER:**

**INTERROGATORY NO. 15:**

Please identify the terms of the agreement between any Defendant and Household Finance-ITT pursuant to which this account was sought to be collected from Plaintiff or any Class Member.

**ANSWER:**

**INTERROGATORY NO. 16:**

If you file or retain attorneys to file lawsuits to collect any consumer debt:

a.      Please identify the employee(s) of any Defendant who makes or approves the decisions to file suit or to request an attorney to file suit.

b.      Please state at what point in the collection process the decision to file suit is made.

c.      State what criteria and policies are used in deciding whether to sue (*e.g.* minimum dollar amount, distance of consumer from any Defendant's office, contingency of claim, debtor's assets, defenses to claim) and how those criteria or policies have changed since March 14, 2003.

d.      Identify attorneys any Defendant retains to file collection suits in Texas

e.      Identify the Courts in which any Defendant has initiated lawsuits over the last two years in Texas.

f.      Identify each document and other method of communication which Household Finance-ITT authorizes any Defendant to initiate lawsuits against consumers.

**ANSWER:**

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 12**

**INTERROGATORY NO. 17:**

Please state the date on which any Defendant began using the letters in Exhibits 1-4 and if any Defendant has ceased using such notices, when that practice ended and the reason it ended.

**ANSWER:**

**INTERROGATORY NO. 18:**

Identify who drafted Exhibits 1-4.

**ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT

Please produce the documents requested below.

### REQUEST FOR PRODUCTION NO. 1
All documents related to the status and collection of Mariano Ayala's debt.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
All documents relating to communications between Mariano Ayala and any Defendant.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Any other documents relating to Mariano Ayala. Please note that this request does not include communications or documents protected by the attorney work product and attorney-client privileges.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
All documents describing any Defendant's practices, policies and procedures relating to the collection of debts.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
All form letters any Defendant sends consumers after a letter in the form attached as Exhibit 1 is sent to such consumers.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
All documents showing who has been sent letters in the form of Exhibit 1.

### RESPONSE:

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 14**

**REQUEST FOR PRODUCTION NO. 7**
All documents showing who has been sent any letters which any Defendant sends consumers after a letter in the form attached as Exhibit 1 is sent to such consumers.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8**
All documents relating to the approval of the use of letters with the same or similar text as Exhibit 1.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
All documents showing the number of collection letters sent by any Defendant with respect to consumer accounts on behalf of Household Finance-ITT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
All complaints filed with a court in a civil action or with an administrative agency by any other person about the letter attached as Exhibit 1.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
All complaints from any other person regarding violations of the Fair Debt Collection Practices Act by any Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
All documents related to any Defendant's activities to collect consumer debts within the past 3 years.

**RESPONSE:**

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 15**

**REQUEST FOR PRODUCTION NO. 13**
All documents regarding with any Defendant's compliance or noncompliance with the
Fair Debt Collection Practices Act.

**RESPONSE:**

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 16**

**REQUEST FOR PRODUCTION NO. 14**
Copies of any and all form correspondence, advertisements, *etc.* sent by any Defendant to Household Finance-ITT offering services in connection with writing and/or sending or causing to be sent collection letters for other companies during the last 3 years.
**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
All letters, enclosures, envelopes, memoranda, and other documents used by any Defendant in a debt collection activity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
A list of all employees of any Defendant engaged in the collection of debts such as the debt Plaintiff allegedly owes, their positions and responsibilities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
A list of all of any Defendant's former employees who worked for any Defendant any time during the past three years and who are engaged in the collection of debts such as the debt Plaintiff allegedly owes, their positions and responsibilities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
All financial reports and statements to investors of each Defendant for the past 3 years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Each Defendant's income tax returns for the past 3 years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 17**

All reports regarding debt collection contained in any Defendant's files or computer system sent to or received from Household Finance-ITT.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
All internal reports, memorandums or databases of any Defendant regarding the use of your collection notices and collection efforts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22**
All reports, memoranda, instructions, manuals or other documents of any Defendant surveying the number of notices sent and contacts made by any Defendant during the two year period preceding March 14, 2003.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
All documents relating to any Defendant's procedures to provide verification of alleged and noncommercial debts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
All documents relating to Household Finance-ITT's association with a consumer reporting agency.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
All documents relating to the net worth, book value, or market value of each Defendant from May 14, 2001 to the present.

**RESPONSE:**

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 18**

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSIONS NO. 1:

Plaintiff Mariano Ayala is a consumer as defined at 15 U.S.C. §1692(a)(3).

**ADMIT or DENY:** _____

### REQUEST FOR ADMISSIONS NO. 2:

The other Class Members are consumers as defined at 15 U.S.C. §1692(a)(3).

**ADMIT or DENY:** _____

### REQUEST FOR ADMISSIONS NO. 3:

On or about March 14, 2003, Access Recovery Services, Inc. sent or caused to be sent Plaintiff the collection letter attached as Exhibit 1.

**ADMIT OR DENY:** _____

### REQUEST FOR ADMISSIONS NO. 4:

The obligation made the basis of the letter attached as Exhibit 1 is a "debt" as defined at 15 U.S.C. §1692(a)(5).

**ADMIT or DENY:** _____

### REQUEST FOR ADMISSIONS NO. 5:

The same letter attached as Exhibit 1 was sent to over 100 Class Members.

**ADMIT or DENY:** _____

### REQUEST FOR ADMISSIONS NO. 6:

Defendant Access Recovery Services, Inc. is a "debt collector" as defined at 15 U.S.C. §1692(a)(6).

**PLAINTIFF'S WRITTEN DISCOVERY TO DEFENDANTS, page 19**

**ADMIT or DENY:** _____

**REQUEST FOR ADMISSIONS NO. 7:**

After Plaintiff was sent Exhibit 1 you made no further attempts to collect on Plaintiff's debt with Household Finance-ITT.

**ADMIT OR DENY:** _____

**REQUEST FOR ADMISSIONS NO. 8:**

After other Class Members were sent the letter attached as Exhibit 1 you made no further attempts to collect on the alleged debts.

**ADMIT OR DENY:** _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **Mariano Ayala,**<br>Individually and on behalf of all<br>others similarly situated,<br><br>    **Plaintiff,**<br><br>vs.<br><br>**Access Recovery Services, Inc.; Access Recovery Group; and Peter H.<br>Liederman,**<br><br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action Number B-03-089 |

### Plaintiff's Notice of Deposition of Peter H. Liederman

TO:    Defendant, Peter H. Liederman, by and through his attorneys of record, Atlas & Hall, L.L.P., 818 Pecan, Harlingen, Texas 78502.


PLEASE TAKE NOTICE that commencing at 2:00 p.m. on December 30, 2003, at the offices of Brooks & Ojeda / Legalink Court Reporting, 1956 Webster St., Ste. 450, Oakland, CA 94612, the undersigned counsel will take the oral deposition of Peter H. Liederman pursuant to Rule 30 of the Federal Rules of Civil Procedure. The examination will be taken before a notary public or some other officer authorized by law to administer an oath and will continue from day to day until completed. You are invited to attend and examine.


**Plaintiff's Notice of Deposition of Peter H. Liederman, page 1**



John Ventura
Federal ID No. 1646, SBN 20545700
Richard A. Mlynek
Federal ID No. 23125, SBN 24007689
Law Offices of John Ventura, PC
62 East Price Road
Brownsville, Texas 78521
Telephone: (956) 546-9398
Telecopier: (956) 542-1478

Stephen Gardner
Federal ID No. 16111, SBN 07660600
Law Office of Stephen Gardner, PC
6060 North Central Expy., Ste. 560
Dallas, Texas 75206
Telephone: (214) 800-2830
Telecopier: (214) 800-2834

Counsel for Plaintiff and the Class

By:

Stephen Gardner

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served on counsel for Peter H. Liederman, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on December 16, 2003. The other defendants have not appeared and were not served.

Stephen Gardner

*Plaintiff's Notice of Deposition of Peter H. Liederman, page 2*