Case 1:03-cv-00089   Document 23   Filed in TXSD on 01/26/2004   Page 1 of 5

United States District Court
Southern District of Texas
FILED

JAN 2 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **Mariano Ayala,**<br>Individually and on behalf of all<br>others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>**Access Recovery Services, Inc.; Access Recovery Group; and Peter H. Liederman,**<br><br>  defendants. | §§§§§§§§§§§§§ | Civil Action Number B-03-089 |

**Status Report**

TO THE HONORABLE ANDREW S. HANEN:

Plaintiff Mariano Ayala provides this Status Report as directed by the Order entered October 7, 2003 ("Order").

The Order directed plaintiff to serve all defendants personally with a copy of the Order and the default judgment by means of a process server or other individual authorized by law to effectuate service. Plaintiff promptly arranged for personal service on all three defendants, and has filed the declaration of Matthew Anderson, a process server registered in the State of California, which details how he effectuated service on all three defendants.

At Plaintiff's direction, at the time he served the Order and default judgment, Mr. Anderson served a comprehensive set of discovery on all three defendants, including interrogatories, requests for admission, and requests for production.

The two corporate defendants, Access Recovery Services, Inc. and Access Recovery Group, have ignored all discovery requests, have not made any appearance in this

**Status Report**, page 1

action, and have not otherwise indicated any desire to cooperate with Plaintiff in this case. By their default, they have admitted all requests for admission, but have otherwise failed to provide any information requested. These admitted requests establish these facts:

1. Plaintiff Mariano Ayala is a consumer as defined at 15 U.S.C. §1692(a)(3).
2. The other Class members are consumers as defined at 15 U.S.C. §1692(a)(3).
3. On or about March 14, 2003, Access Recovery Services, Inc. sent or caused to be sent Plaintiff a collection letter.
4. The obligation made the basis of the collection letter is a "debt" as defined at 15 U.S.C. §1692(a)(5).
5. The same collection letter was sent to other members of the Class.
6. Access Recovery Services, Inc. is a "debt collector" as defined at 15 U.S.C. §1692(a)(6).
7. After Plaintiff was sent the collection letter, defendants made no further attempts to collect on Plaintiff's debt.
8. After other members of the Class were sent the collection letter, defendants made no further attempts to collect on the other Class members' debts.

The individual defendant, Peter H. Liederman, has now appeared in this action and has filed a motion to dismiss, contending (1) he was not properly served with citation and (2) he is not subject to personal jurisdiction in Texas because the letter on which his liability is based was written without his authorization or content and was signed by someone whom he had never employed. Mr. Liederman has also moved to set aside the default judgment against him and to vacate the class certification as to him.

Class counsel have taken Mr. Liederman's deposition. Class counsel have concluded that, although they cannot independently confirm Mr. Liederman's version of the facts, it will be difficult or impossible to prove his complicity in the acts made the basis of this lawsuit. Therefore, they will not oppose his motion to set aside the default as to him, decertify the class as to him, and dismiss him as a party.

**Status Report**, page 2

The remaining question is what to do with the default judgment against the corporate non-responding defendants. Because those defendants ignore the authority of this Court, it would be a complicated, lengthy, and possibly fruitless effort to attempt further to obtain the names of individual victims of their practices.

Plaintiff has sought several types of relief against these defendants: (1) a Declaratory Judgment declaring that the practices complained of in the Complaint are illegal, (2) a Permanent Injunction enjoining defendants from engaging in the illegal practices, (3) damages and statutory civil penalties, (4) punitive damages, and (5) attorney's fees and costs of court.

The Declaratory Judgment and Permanent Injunction can be fully effectuated at this time. Without information as to defendants' specific activities, individual damages are impossible to assess for the class members. However, Plaintiff has also requested a statutory damage award of $500,000.00 pursuant to the Fair Debt Collection Practices Act, and punitive damages.

Therefore, Plaintiff moves for entry of a damages award of $500,000.00, with a punitive damages award of $1,500,000.00, together with a Declaratory Judgment and Permanent Injunction.

If the judgment can be satisfied, class counsel will seek further order of the Court providing for distribution, either to individual class members or in some form of *cy pres* distribution to a non-profit organization, together with an award of attorney's fees out of any monies collected.

Class counsel plan to retain a collection lawyer to collect on any judgment awarded by the Court. They propose that they be authorized to do so and to deposit

**Status Report**, page 3

any money collected into their firm trust accounts until they can seek an order of the Court authorizing distribution of the funds.

A proposed Final Judgment incorporating this method of proceeding is attached for the Court's consideration.

Respectfully submitted,

**John Ventura**
Federal ID No. 1646
State Bar No. 20545700
**Richard A. Mlynek**
Federal ID No. 23125
State Bar No. 24007689
**Law Offices of John Ventura, PC**
62 East Price Road
Brownsville, Texas 78521
Telephone: (956) 546-9398
Telecopier: (956) 542-1478

**Stephen Gardner**
Federal ID No. 16111
State Bar No. 07660600
**Law Office of Stephen Gardner, PC**
6060 North Central Expy., Ste. 560
Dallas, Texas 75206
Telephone: (214) 800-2830
Telecopier: (214) 800-2834

Counsel for Plaintiff and the Class

By: _____
Stephen Gardner

**Status Report**, page 4

## CERTIFICATE OF SERVICE

I certify that true and correct copies of this document and all attachments were served on all defendants, in compliance with Rule 5 of the Federal Rules of Civil Procedure, on January 23, 2004, by mailing copies to:

**Access Recovery Services, Inc.**
1714 Franklin Street, Suite 100-330
Oakland, California 94612
Fax: 510-663-5141

**Access Recovery Group**
1714 Franklin Street, Suite 100-330
Oakland, California 94612
Fax: 510-663-5141

Charles C. Murray
Atlas & Hall
818 Pecan
McAllen, Texas 78502-3725
Attorney for defendant
**Peter H. Liederman**

_____
Stephen Gardner

**Status Report,** page 5