IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Mariano Ayala,<br>Individually and on behalf of all<br>others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Access Recovery Services, Inc.;<br>Access Recovery Group; and Peter<br>H. Liederman,<br><br>defendants. | § § § § § § § § § § § § § § § | Civil Action Number B-03-089 |

## FINAL JUDGMENT

The Court has considered the Status Report filed by Plaintiff, together with the motion filed by Peter H. Liederman, and argument of counsel.

Default judgment has been previously entered against all defendants. On October 7, 2003, the Court entered an Order certifying this case to proceed as a class action, as to two classes of plaintiffs (hereinafter referred to in the singular "plaintiff"):

**Class 1.** All consumers in the United States to whom any defendant sent a collection letter during the period from May 14, 2002 to the date of this order.

**Class 2.** All consumers residing in Texas to whom any defendant sent a collection letter during the period from May 14, 2001 to the date of this order. (Class 2

consumers to whom any defendant sent a collection letter beginning one year prior to the date this Complaint was filed are also members of Class 1.)

The Order directed plaintiff to serve all defendants personally with a copy of the Order and the default judgment by means of a process server or other individual authorized by law to effectuate service. Plaintiff promptly arranged for personal service on all three defendants, and has provided the Court the declaration of Matthew Anderson, a process server registered in the State of California, which details how he effectuated service on all three defendants.

Plaintiff also served a comprehensive set of discovery on all three defendants, including interrogatories, requests for admission, and requests for production. The two corporate defendants, Access Recovery Services, Inc. and Access Recovery Group have ignored all discovery requests, have not made any appearance in this action, and have not otherwise indicated any desire to cooperate with Plaintiff in this case.

The individual defendant, Peter H. Liederman, has now appeared in this action and has filed a motion to dismiss, contending that he was not properly served with citation and that he is not subject to personal jurisdiction in Texas because the letter on which his liability is based was written without his authorization or content, and was signed by someone whom he had never employed. Mr. Liederman has also moved to set aside the default judgment against him and to vacate the class certification as to him.

Plaintiff does not oppose Mr. Liederman's motion to set aside the default as to him, decertify the class as to him, and dismiss him as a party. It is accordingly ORDERED that (1) the default judgment previously entered against Peter H. Liederman

is VACATED as to him only; (2) the October 7, 2003, Order is modified to decertify the case as to him only; and (3) all claims by or against Peter H. Liederman made in this case are hereby DISMISSED, and it is so ORDERED, ADJUDGED, and DECREED. Peter H. Liederman is to pay costs of $1,000 (One Thousand and 00/100 Dollars) to class counsel to partially cover the costs associated with the default.

Due to the fact that defendants, Access Recovery Services, Inc. and Access Recovery Group, have ignored and continue to ignore the jurisdiction of this Court, the Court FINDS that it would be a complicated, lengthy, and possibly fruitless effort to attempt further to obtain the names of individual victims of their practices. The Court therefore proceeds to entry of a final judgment against these defendants.

Ayala seeks relief for defendants' violations of the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Texas Debt Collection Practices Act, TEX. FIN. CODE Ch. 392 ("Texas DCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. In the October 7 Order, the Court found that these defendants engaged in acts that violate those laws.

Plaintiff has sought several types of relief against Access Recovery Services, Inc. and Access Recovery Group: (1) a Declaratory Judgment declaring that the practices complained of in the Complaint are illegal, (2) a Permanent Injunction enjoining defendants from engaging in the illegal practices, (3) damages and statutory civil penalties, (4) punitive damages, and (5) attorney's fees and costs of court.

## Declaratory Judgment

Judgment is hereby ENTERED that:

In their form collection letters, Access Recovery Services, Inc. and Access Recovery Group represented that if the consumers did not contact them to resolve the matter, they would take further legal action to collect a debt when they did not plan to do so and did not in fact do so. This violates the FDCPA, which provides in pertinent part that:

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.* Without limiting the general application of the foregoing, *the following conduct is a violation* of this section: . . . (2) The *false representation of (A) the character, amount, or legal status of any debt* . . . . (4) The *representation or implication that nonpayment of any debt will result in* the arrest or imprisonment of any person or the seizure, *garnishment, attachment, or sale of any property or wages of any person unless such action is lawful* and the debt collector or creditor intends to take such action. (5) The *threat to take any action that cannot legally be taken or that is not intended to be taken.* . . .

15 U.S.C. § 1692k(3) [emphases added].

This practice also violates the Texas DCPA, which provides in pertinent part that:

> Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, *a debt collector may not use a fraudulent, deceptive, or misleading representation* that employs the following practices: . . . (8) misrepresenting the character, extent, or amount of a consumer debt, or *misrepresenting the consumer debt's status in a judicial or governmental proceeding.*

TEX. FIN. CODE § 392.304(a) [emphases added].

In those same letters, Access Recovery Services, Inc. and Access Recovery Group represented that they could attach (or garnish) the wages of Texas residents. Because Texas law prohibits wage garnishment in these situations, this threat was false. This

violates the same sections of the FDCPA and the Texas DCPA, as well as another section of the Texas DCPA:

> In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices: . . . (7) *threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings*; or (8) *threatening to take an action prohibited by law*.

TEX. FIN. CODE § 392.301(a) [emphases added].

### Permanent Injunction

Access Recovery Services, Inc. and Access Recovery Group are hereby PERMANENTLY ENJOINED from sending any debt collection letter containing (1) a threat to take any further legal action, whether phrased as filing suit, referring the matter to a lawyer, or anything else that an unsophisticated debtor could interpret to mean either civil or criminal action; and (2) threatening any form of wage garnishment or attachment.

Because they have engaged in debt collection activity in Texas without obtaining or filing the bond required by Texas Finance Code Chapter 392, and because their subsequent conduct does not reflect any intent to comply with Texas law, Access Recovery Services, Inc. and Access Recovery Group, and all of their employees, agents, and attorneys, are PERMANENTLY ENJOINED from sending any debt collection letter to any address in Texas.

Access Recovery Services, Inc. and Access Recovery Group have engaged in numerous violations of the FDCPA. It is therefore appropriate to enter judgment against Access Recovery Services, Inc. and Access Recovery Group, jointly and

severally, in the amount of $500,000.00, and it is so ORDERED, ADJUDGED, and DECREED.

Because the actions of Access Recovery Services, Inc. and Access Recovery Group were flagrant, repeated, willful, and oppressive, it is appropriate to enter a punitive damages judgment against Access Recovery Services, Inc. and Access Recovery Group, jointly and severally, in the additional amount of $1,500,000.00, and it is so ORDERED, ADJUDGED, and DECREED.

The Court FINDS that an award of attorney's fees in the amount of 20% of the award to the class is reasonable, given the considerable efforts already expended by class counsel and the relatively minimal likelihood of satisfaction of this judgment. It is therefore appropriate to enter judgment against Access Recovery Services, Inc. and Access Recovery Group, jointly and severally, in the additional amount of $400,000.00 as reasonable attorney's fees, and it is so ORDERED, ADJUDGED, and DECREED.

If the judgment is satisfied, class counsel shall seek further order of the Court providing for distribution, either to individual class members or in some form of form of *cy pres* distribution to a non-profit organization, together with attorney's fees.

Class counsel have advised the Court that they plan to retain a commercial collection lawyer to collect on this judgment. Class counsel are hereby authorized to do so and to deposit any money collected (net after compensating the commercial collection lawyer) into their firm trust accounts until they can seek an order of the Court authorizing distribution of the funds.

The Court retains continuing jurisdiction to enforce this judgment and to make further orders as contemplated herein.

SIGNED February 18, 2004.

_____
Honorable Andrew S. Hanen
United States District Judge